## (March 21, 1956)

■ HELENA KNOX, Appellant, v. JOSEPHINE L. MONDO, Respondent.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: It appears undisputed that the building in question was a legally existing one-family dwelling on December 31, 1941, when the Rochester Building Code Ordinance became effective. It likewise appears undisputed that in 1949, when the building was converted into a five-family apartment house, it became a multi-family house within the purview of the building code. The building code does not provide for handrails on stairways in one-family dwellings. It does provide for handrails upon stairways in multi-family dwellings. It provides that no building shall hereafter be altered without compliance with the ordinance. While the attic and the attic stairway were not physically altered at the time of the conversion in 1949, nevertheless the attic and the attic stairway became an appurtenance to each of the new five dwelling apartments. The tenants of the apartments became entitled under their respective leases to certain storage space in the attic with the common use of the stairway to reach such storage

space. The attic and the attic stairs thereby became a part of the multi-family dwelling within the purview of, and subject to the building code. The trial court's refusal to charge the jury that the provision of the building code with respect to handrails was applicable, constitutes substantial error. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Wheeler and Williams, JJ.